IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDRICK MCCARTY,**

      **Petitioner,**

      v.                                                                                    Case No. 04-3214-JWL

**RAY ROBERTS, Warden of El Dorado
Correctional Facility, and PHILL KLINE,
Attorney General of the State of Kansas,**

      **Respondents.**

## MEMORANDUM AND ORDER

A jury in the District Court of Sedgwick County, Kansas, convicted petitioner Edrick McCarty of attempted aggravated robbery and first degree felony murder. He was sentenced to life in prison for felony murder and 136 months for robbery. He brings this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Therein, his predominant challenge is that he was convicted for first degree murder whereas the evidence at trial proved that the shooting was accidental rather than malicious, premeditated, and intentional. He also challenges his conviction based on the trial court's response to the jury's request for a read back of his testimony, his attorney's failure to raise issues in his state habeas petition, and the fact that the trial court did not give him an evidentiary hearing on his state habeas petition. After thoroughly reviewing the parties' motions, briefs, and the underlying record, the court finds that the evidence clearly establishes Mr. McCarty is entitled to no relief. As such, his habeas application is denied.

## BACKGROUND

Mr. McCarty shot and killed Royce Wallace in Wichita, Kansas, on December 20, 1998, during an attempted robbery. The evidence at trial revealed that earlier that evening Mr. McCarty and his friends DeAngelo Watson, Hakeem Jackson, Hamal Jackson, and Titus Franklin were "hanging out" at a home located at 1446 North Estelle owned by Mr. Franklin's mother when they concocted a plan to rob Mr. Wallace. Mr. Wallace was an older man who lived nearby and sold alcohol and cigarettes out of his home. He rented a room in the home of Walter and Marjorie Black at 1302 North Estelle. According to Mr. Franklin's trial testimony, the plan was for him, Mr. McCarty, and Hamal Jackson to commit the robbery. Mr. Jackson was supposed to knock on the door and grab Mr. Wallace. Mr. McCarty was then supposed to hold Mr. Wallace at gunpoint while Mr. Franklin grabbed everything. Before the three left to commit the robbery, Mr. Watson specifically told them not to harm Mr. Wallace.

The Black/Wallace home had a common downstairs area at the front entrance such that Mr. Wallace was able to enter and exit his room without disturbing the Blacks. As planned, Messrs. McCarty, Jackson, and Franklin walked to Mr. Wallace's home and Mr. Jackson knocked on the door. Mr. Wallace spoke through the door and asked Mr. Jackson what he wanted. Mr. Jackson responded that he wanted cigarettes and Mr. Wallace allowed Mr. Jackson to enter the room. At that point, Mr. McCarty stepped behind Mr. Jackson, forced his way into the room, and pulled out a shotgun. Much to Mr. McCarty's surprise, however, Mr. Wallace pulled out his own pistol and fired it at Mr. McCarty. The bullet grazed Mr.

McCarty's chin and hit him in the shoulder. Mr. McCarty responded, perhaps reflexively, by firing the shotgun. The shot hit Mr. Wallace in the right eye socket and killed him. Ms. Black heard the shots and called 911. The three robbers fled the scene.

Mr. McCarty was later apprehended and charged with attempted aggravated battery and first degree felony murder. The jury convicted him of both charges. He was sentenced to life in prison for felony murder and 136 months for robbery. He appealed, and the Kansas Supreme Court affirmed his convictions. *See State v. McCarty*, 271 Kan. 510, 23 P.3d 829 (2001). He then filed a habeas corpus motion pursuant to K.S.A. § 60-1507. The state trial court denied relief, as did the Kansas Court of Appeals. *See McCarty v. State*, 32 Kan. App. 2d 402, 83 P.3d 249 (2004).

Mr. McCarty now seeks to collaterally attack his conviction and sentence by seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. His predominant challenge pertains to his conviction for first degree murder, a crime that he contends requires proof of malice, premeditation, and intent whereas in this case the evidence revealed that his killing of Mr. Wallace was purely accidental. He also contends that (1) the trial court abused its discretion by persuading the jury to accept a read back of only a portion of his testimony in lieu of his entire testimony; (2) that his attorney failed to raise issues in his state § 60-1507 motion; and (3) the district court erred by dismissing his § 60-1507 motion without an evidentiary hearing.

3

**STANDARD**

Because Mr. McCarty filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA govern this case. *Jackson v. Ray*, 390 F.3d 1254, 1259 (10th Cir. 2004). Under the AEDPA, the court "must defer to a state court decision adjudicated on the merits unless that decision: (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1)-(2)). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision does not satisfy this standard merely because it is incorrect or erroneous; rather, the state court's application of the law must have been objectively unreasonable. *Jackson*, 390 F.3d at 1259. The state court's factual findings are presumed correct unless the petitioner rebuts those findings with clear and convincing evidence. *Turrentine v. Mullin*, 390 F.3d 1181, 1188-89 (10th Cir. 2004). This court's ruling must rest on the propriety of the state court's decision, not its rationale. *Jackson*, 390 F.3d at 1259 (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999)).

# ANALYSIS[1]

As explained below, the record, briefs, and pleadings clearly establish that Mr. McCarty is entitled to no federal habeas corpus relief. The evidence at trial was sufficient to support his conviction for first degree felony murder under Kansas law and that conviction did not violate his constitutional rights. Moreover, the fact that the trial court asked the jury to curtail its request for a read back of his testimony did not involve an objectively unreasonable application of clearly established federal law. To the extent that Mr. McCarty might be asserting constitutionally ineffective assistance of counsel with respect to his state habeas petition, he is not entitled to federal habeas relief on that ground. Furthermore, he is not entitled to federal habeas relief on the ground that the state trial court did not give him an evidentiary hearing on his state habeas petition. As such, Mr. McCarty's application for federal habeas relief is denied.

## A.   Felony Murder as a First Degree Murder Conviction

The predominant theme of Mr. McCarty's habeas petition is grounded in the nature of the murder crime of which he was convicted—felony murder. He contends that felony murder should not constitute first degree murder because it does not require proof of malice,

---

[1] Although some of the claims Mr. McCarty raises are arguably unexhausted or procedurally barred, the court is electing to review all claims and deny the petition on its merits because the record reveals that all of his claims are without merit. *See Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004) (district court may exercise its discretion and bypass procedural issues and reject a habeas claim on the merits when the substantive claims can be disposed of readily); *Moore v. Schoeman*, 288 F.3d 1231, 1235-36 (10th Cir. 2002) (district court may dismiss unexhausted claims on their merits if the entire petition is subject to dismissal on the merits).

premeditation, and intent. Five of the claims in his habeas petition are grounded in this argument. In his first and second claims, he contends that the jury verdict and the felony murder conviction were not supported by substantial evidence because the killing was accidental whereas he was convicted of first degree premeditated, intentional, malicious killing. In another claim, he argues that his due process rights were violated because proof of first degree murder should be needed for a first degree murder conviction whereas here the evidence pointed toward an accidental killing. Additionally, he argues in another claim that the verdict does not adequately explain the jury's decision because the evidence revealed that the killing was accidental and hence only manslaughter was proven. In his last claim relating to this issue, he contends that his sentence is cruel and unusual because the statute under which he was found guilty did not require him to be found guilty of first degree murder.

As a threshold matter, the court notes that the Kansas courts have not addressed any of these arguments. Although Mr. McCarty previously raised a sufficiency-of-the-evidence challenge on direct appeal, the thrust of that argument was that the evidence was insufficient to prove that he killed Mr. Wallace at all, not that he should have been convicted of a lesser crime because the killing was accidental instead of premeditated, intentional, and malicious. Consequently, the court does not apply the deferential AEDPA standard of review. Additionally, the court notes that Mr. McCarty now does not attempt to argue that he did not kill Mr. Wallace and he concedes that the attempted aggravated robbery "was proved." Thus, no factual findings are implicated here. The issue, then, is purely a legal determination of whether Mr. McCarty was properly convicted of first degree murder, notwithstanding the

accidental nature of the killing, based solely on the fact that it occurred during the attempted aggravated robbery.

Mr. McCarty's first, second, and fourth arguments on this issue essentially go to the issue of whether the evidence was sufficient to support his conviction for first degree murder. Habeas petitioners may challenge the sufficiency of the evidence in federal habeas corpus proceedings. *Spears v. Mullin*, 343 F.3d 1215, 1237 (10th Cir. 2003), *cert. denied*, 541 U.S. 909 (2004). The court must view the evidence in the light most favorable to the prosecution and grant habeas relief "only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* (quotation omitted). The court reviews the sufficiency of the evidence as a question of law. *Id.*

In this case, viewing the evidence in the light most favorable to the prosecution, the court readily concludes that the evidence was sufficient to support the felony murder conviction under Kansas law. Kansas law defines first degree murder as

> the killing of a human being committed:
> (a) Intentionally and with premeditation; *or*
> (b) in the commission of, attempt to commit, or flight from an inherently dangerous felony as defined in K.S.A. 21-3436 and amendments thereto.

K.S.A. § 21-3401 (emphasis added). Because of the word "or" in the statute, then, first degree murder is defined as killing that is either (1) intentional and premeditated, *or* (2) committed in conjunction with an inherently dangerous felony. Consequently, a killing constitutes first degree murder if either of these criteria are satisfied. *See State v. Hoge*, 276 Kan. 801, 813, 80 P.3d 52, 62 (2003) (premeditated murder and felony murder are alternative theories for

7

proving the crime of first degree murder). Aggravated robbery, in turn, is one of the inherently dangerous underlying felonies that will support a felony murder conviction. K.S.A. § 21-3436(a)(4); *see, e.g.*, *State v. Donaldson*, — Kan. —, —, 112 P.3d 99, 107 (Kan. 2005) (evidence that defendant aided and abetted commission of aggravated robbery was sufficient to support felony murder conviction); *State v. Beach*, 275 Kan. 603, 622, 67 P.3d 121, 134-35 (2003) (evidence that defendant participated in the underlying felony of aggravated robbery was sufficient to support felony murder conviction). Thus, Kansas law does not require intent and premeditation to be proven in order to support a first degree murder conviction. Mr. McCarty appears to misunderstand this key point. The fact that the jury found that the killing occurred in the commission of an attempted aggravated robbery means that it constituted first degree murder under Kansas law. The court wholeheartedly agrees with the Kansas Supreme Court's observation that "[t]he evidence showing that McCarty participated in the killing of Wallace and the underlying felony was overwhelming." *McCarty*, 271 Kan. at 518, 23 P.3d at 835. Thus, Mr. McCarty is not entitled to habeas relief based on the insufficiency of the evidence.

Mr. McCarty also contends that the felony murder conviction violated his constitutional rights. More specifically, he argues that the conviction violated his due process rights because the trial court did not require proof of premeditation, malice, and intent. Again, these elements do not need to be proven in order for a person to be convicted of first degree murder under Kansas law when the killing occurred in the commission of one of the specified underlying felonies, such as the attempted aggravated robbery committed by Messrs. McCarty, Franklin, and Jackson. Felony murder statutes similar to the one in Kansas are altogether common in

this country[2] and Mr. McCarty is essentially challenging the constitutionality of the inherent nature of these types of statutes on the grounds that they violate due process. The court has been unable to find any legal authority that would support this argument. In fact, to the contrary, felony murder convictions generally have been upheld against various types of due process challenges. *See, e.g.*, *Spears*, 343 F.3d at 1236 (state trial court's failure to instruct jury that its verdict had to be unanimous on either malice murder or felony murder charge did not deprive habeas petitioners of due process because malice murder and felony murder were simply different theories for the same general offense of first degree murder); *Hawkins v. Mullin*, 291 F.3d 658, 664-68 (10th Cir. 2002) (state appellate court's interpretation of its first degree felony murder statute to include kidnapping for extortion was not so unexpected and indefensible as to deprive habeas petitioner of due process). In this case, the Kansas statute gives fair warning by narrowly and precisely stating that a killing that occurs in the commission of an attempted aggravated robbery constitutes felony murder. *See Bouie v. City of Columbia*, 378 U.S. 347, 350 (1964) (criminal statutes must give fair warning that the conduct has been made a crime). Thus, absent more meaningful argument that the conviction violated his due process rights for some other reason and not just because of the inherent nature of the crime, the court finds Mr. McCarty's due process claim to be without merit.

---

[2] Most states have in place some form of a felony murder law; only a few have abandoned the doctrine entirely. *See* James J. Tomkovicz, *The Endurance of the Felony-Murder Rule: A Study of the Forces That Shape Our Criminal Law*, 51 Wash. & Lee L. Rev. 1429, 1433-34 (1994).

His other constitutional argument is that his sentence for the crime constitutes cruel and unusual punishment because he has been sentenced as if he killed Mr. Wallace with premeditation, intent, and malice. The court concludes, however, that Mr. McCarty's punishment does not violate his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment. A criminal defendant who is convicted of felony murder who actually killed his or her victim can, in fact, be sentenced to death without violating the Eighth Amendment prohibition against cruel and unusual punishment. *See Workman v. Mullin*, 342 F.3d 1100, 1111-15 (10th Cir. 2003) (child abuser who actually killed his victim was sufficiently culpable to be sentenced to death without violating the prohibition against cruel and unusual punishment), *cert. denied*, 541 U.S. 1067 (2004); *cf. Johnson v. Gibson*, 169 F.3d 1239, 1250-51 (10th Cir. 1999) (rapist who actually killed his victim was properly sentenced to death). Thus, the fact that Mr. McCarty received a lesser sentence of life in prison for felony murder when he actually killed Mr. Wallace does not violate his Eighth Amendment right against cruel and unusual punishment. Accordingly, his application for habeas relief on this ground is denied.

**B.   Court's Response to Jury's Request for Read Back of Witness Testimony**

Mr. McCarty contends that the trial court abused its discretion in the manner in which it responded to the jury's request for a read-back of two witnesses' testimony. On a Thursday evening, the jury submitted a question to the court asking for Messrs. McCarty and Watson's testimony to be read back. The next morning, the court explained this request to the parties and stated that, while Mr. Watson's testimony was short enough that the court reporter could

10

read it back that day, "if they want McCarty, they're looking at Monday." The judge explained the court reporter's time constraints and told the parties that he intended to ask the jury if they could narrow their request on Mr. McCarty's testimony. Neither party objected. The jury was then brought into the courtroom and the judge asked them if they could narrow their request. The foreperson explained to the court the specific portions of Mr. McCarty's testimony that the jury wanted reread.

The court finds that the manner in which the trial judge responded to the jury's request was not an objectively unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. In fact, Mr. McCarty has not cited and the court has been unable to locate any Supreme Court precedent addressing this precise issue. The applicable principle of law that is clearly established, at least in this circuit, is that "whether the testimony of a witness shall be read to a jury during the course of its deliberations is . . . a matter lying within the sound discretion of the trial court." *United States v. Brunetti*, 615 F.2d 899, 902-03 (10th Cir. 1980); *accord United States v. Tager*, 481 F.2d 97, 101 (10th Cir. 1973). In this case, the manner in which the trial judge handled the jury's request was entirely prudent and not at all coercive. Moreover, Mr. McCarty has not explained and this court cannot envision how he may have suffered any prejudice by virtue of the jury's narrowing of its request. This court has been unable to find any support for the notion that the trial court's actions constituted an abuse of discretion, much less an objectively unreasonable application of any clearly established federal law on this issue. *See Cottrel v. New York*, 259 F. Supp. 2d 300, 305-06 (S.D.N.Y. 2003) (trial court's request that the jury curtail its lengthy

request for read back testimony did not violate habeas petitioner's due process rights). Accordingly, Mr. McCarty is not entitled to federal habeas relief on this basis.

### C.     Attorney Didn't Raise the Issues

Mr. McCarty argues that once upon a time he wrote his state habeas attorney and asked her to raise many of the same grounds that he now raises in this federal habeas application, but she did not put them in his state habeas petition. To the extent that Mr. McCarty is raising this argument in an effort to show cause for his unexhausted and/or procedurally defaulted claims, the argument is technically moot because the court has elected to resolve Mr. McCarty's habeas petition on its merits. *See* note 1, *supra*. The only remaining plausible significance of this argument, then, is that he may be attempting to assert a claim for ineffective assistance of counsel in his state habeas proceeding. But, there is no constitutional right to counsel in state post-conviction proceedings and consequently a habeas petitioner "cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also* 28 U.S.C. § 2254(i) (ineffective assistance of counsel in federal or state collateral post-conviction proceedings "shall not" be grounds for federal habeas relief); *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (applying this principle). Accordingly, to the extent that Mr. McCarty may be seeking relief on the grounds of ineffective assistance of counsel with respect to his state habeas petition, his federal habeas application is denied.

### D.     Trial Court Dismissed State Habeas Motion Without An Evidentiary Hearing

12

Mr. McCarty's last argument is that the state trial court erred by dismissing his state habeas petition without an evidentiary hearing.[3]  There is, however, no federal or constitutional right to such a hearing.  *See Thurman v. Allard*, No. 01 Civ. 8746, 2004 WL 2101911, at *18 (S.D.N.Y. Sept. 22, 2004).  Moreover, Mr. McCarty has not explained, and this court cannot envision, how he would benefit from an evidentiary hearing because no material facts are in dispute.  Even assuming that his killing of Mr. Wallace were accidental, his conviction for felony murder is nonetheless supported by the evidence because of the underlying conviction for attempted aggravated robbery, which he concedes "was proved."  Therefore, he is not entitled to federal habeas relief on this ground.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. McCarty's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is denied.

**IT IS SO ORDERED** this 27th day of September, 2005.

                                                   s/ John W. Lungstrum
                                                   John W. Lungstrum
                                                   United States District Judge

---

[3] The trial court held a hearing on the motion and heard argument from the attorneys, but the hearing was not an evidentiary one.